UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PAMELA STERN,

    Plaintiffs,

v.                                                          Cause No.  15-cv-823

GEICO GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants.

## NOTICE OF REMOVAL

Defendant Government Employees Insurance Company ("GEICO"), improperly named in the Complaint as GEICO Government Employees Insurance Company, by and through its counsel, Allen, Shepherd, Lewis & Syra, P.A. (Daniel W. Lewis and Brant L. Lillywhite), hereby files this Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

1.    By and through this Notice of Removal, Defendant GEICO removes all claims asserted by Plaintiff Pamela Stern ("Plaintiff") against Defendant GEICO on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a).

2.    Plaintiff filed her "Complaint To Recover Damages For Personal Injury Puntive And Other Damages" (the "Complaint") on August 6, 2015 in the Second Judicial District, County of Bernalillo State of New Mexico, Cause No. D-202-CV-2015-06367.

3.    Plaintiff served the Complaint and summons on Defendant GEICO through the New Mexico Office of Superintendent of Insurance on August 21, 2015.  This removal is therefore timely. *See* 28 U.S.C. § 1441(b)(1).

4.    A copy of the Complaint is attached hereto as "Exhibit A".

5. A copy of all other process, pleadings and orders served on Defendant in the state lawsuit are attached hereto as "Exhibit B". *See* 28 U.S.C. § 1446(a).

6. A copy of the docket sheet from the state lawsuit is attached hereto as "Exhibit C".

7. This Court has jurisdiction over all claims in this case pursuant to 28 U.S.C. §§ 1332 & 1441(a).

8. Venue is proper in this Court since Plaintiff's claims relate to an insurance policy issued in New Mexico and insurance claims initiated in New Mexico and since the state lawsuit was filed in New Mexico and removed from a New Mexico state court. *See* U.S.C. §§ 1391, 1441(a) & 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon the Plaintiff promptly after removal.

10. Defendant GEICO is filing a Notice of Filing Notice of Removal, a copy of which is attached (without its exhibits) to this Notice as "Exhibit D," with the Clerk of the Second Judicial District, County of Bernalillo, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

11. Pursuant to D.N.M.LR-CIV. 81.1(a), Defendant GEICO will submit copies of the records and proceedings from the state court action within twenty-eight days of filing this Notice of Removal.

## Diversity of Citizenship

12. According to their Complaint and upon other information and belief, Plaintiff is a resident of New Mexico.

13. Defendant GEICO is a Maryland corporation with its principal place of business in Maryland.

14. Defendant GEICO is not a resident of New Mexico. *See* 28 U.S.C. § 1446(b)(2).

15. Since Defendant is not a resident of the same state as Plaintiff, complete diversity of citizenship exists for this case. *See* 28 U.S.C. 1332(a)(1).

## Amount in Controversy

16. The amount in controversy exceeds $75,000 because Plaintiff is seeking more than that amount.

17. Although GEICO denies that Plaintiff is entitled to any damages, the amount in controversy requirement is satisfied by the amount that Plaintiff seeks.

18. New Mexico practice does not permit a demand for a specific sum in a complaint, see NMRA 1-008(A)(3), and Plaintiff's Complaint does not assert a specific total sum. *See* U.S.C. § 1446(c)(2)(A)(ii).

19. Plaintiff's Complaint alleges, "Plaintiff Pamela Stern seeks an amount of money in damages from Defendant which is less than $75,000. This is therefore not subject to the diversity jurisdiction of the United State District Court." Plaintiff's allegation is a blatant attempt to opt out of federal court and to deprive GEICO of its statutory removal right.

20. Plaintiff's allegation that she seeks less than $75,000 is not a binding stipulation and therefore does not prevent diversity jurisdiction. *See* NMRA 1-054(C) (". . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."); *Lett v. Westland Dev. Co.*, 1991-NMSC-069, ¶ 6, 112 N.M. 327, 815 P.2d 623 (reversing trial court's attempt to restrict the plaintiffs to the relief requested in the complaint and holding that the evidence should determine

what relief they are awarded); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("Such disclaimers have been long approved as a way of staying out of federal court but only when the disclaimer is binding.  Illinois does not bind plaintiffs to such disclaimers in complaints—like in federal court, plaintiffs in Illinois are not limited to the amounts they've requested. So Oshana's disclaimer had no legal effect.  If Oshana really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit.")

21. Plaintiff's allegation that she is not seeking more than $75,000 is a sham based on the timing and amounts of her settlement demands.  Before and shortly after she filed her Complaint, she made settlement demands for more than $75,000.  Her allegation in the Complaint is an inaccurate statement of the amount that she is seeking.

22. Alternatively, if Plaintiff was not seeking more than $75,000 at the time her Complaint was filed, the amount in controversy was later raised by her subsequent settlement demand for more than $75,000, and, thus, the case became removable even if it was not removable at the time that the Complaint was filed. *See* 28 U.S.C. § 1446(b)(3).

23. Although GEICO denies that Plaintiff is entitled to any damages or fees, the amount in controversy is satisfied by the amounts that Plaintiff seeks (rather than the amount she would be entitled to) in the following categories: UIM benefits and attorney's fees.

<u>UIM Benefits</u>

24. Plaintiff's claim arises out of an underinsured motorist ("UIM") claim based on a car accident that she describes as "a very serious, traumatic collision".  Plaintiff claims that she is not at fault for the accident and that the other driver is underinsured and is 100% at fault for running a red traffic light, speeding and committing other traffic violations.

25. After the Complaint was filed, Plaintiff said that she "suffered bruising and contusions to multiple portions of her body," "was diagnosed with multiple soft tissue injuries, post-concussion syndrome and required psychiatric counseling", suffered "two disc bulges" in her neck, suffered "an annular tear" in her lumbar spine, suffered "a cervical strain and impingment syndrome of the right shoulder", "was still experience pain in her neck and shoulder" a year after the accident and "was permanently injured in this collision".

26. She claims more than $24,000 in medical bills and more than $2,000 in lost household services in addition to unspecified amounts for pain and suffering, permanent injury and impairment and punitive damages as UIM benefits from GEICO based on the tortfeasor's actions.

27. Before and after filing the Complaint, Plaintiff demanded more than $75,000 in UIM benefits from GEICO in addition to the amounts Plaintiff recovered from the tortfeasor.

<u>Attorney's Fees</u>

28. Plaintiff's Complaint seeks attorney's fees.

29. New Mexico law permits the recovery of reasonable attorney's fees in first party lawsuits against insurance companies if the insured prevails and the court finds "that the insurer acted unreasonably in failing to pay the claim." *See* NMSA § 39-2-1.

30. If Plaintiff prevailed on her UIM claim after litigating it through trial, she would likely claim $40,000 to $60,000 in attorney's fees based on the type of case, the nature of alleged injuries and the amount of her settlement demands.

WHEREFORE, the removing Defendant, GEICO, gives notice that the above-styled action, which was pending in the Second Judicial District, County of Bernalillo, State of New Mexico, as Cause No. D-202-CV-2015-06367 is hereby removed to this Court.

        Electronically Filed,

        ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

        By: /s/ *Brant L. Lillywhite*
            Daniel W. Lewis
            Brant L. Lillywhite, Of Counsel
            4801 Lang Ave NE, Suite 200
            PO Box 94750
            Albuquerque, NM 87199-4750
            505-341-0110
            dlewis@allenlawnm.com
            blillywhite@allenlawnm.com

I HEREBY CERTIFY that on the 18th day of September, 2015, I served the foregoing by email upon the following counsel:

    Mark J. Caruso, Esq.
    David E. Shelle, Esq.
    Caruso Law Offices, P.C.
    mark@carusolaw.com
    david@carusolaw.com

/s/ *Brant L. Lillywhite*
Brant L. Lillywhite